UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SANDRA L. TILLOY**                                                    **CIVIL ACTION**

**VERSUS**                                                                        **NO. 23-7016**

**LIBERTY MUTUAL**                                                      **SECTION "B"(2)**
**INSURANCE COMPANY**

**ORDER AND REASONS**

Before the Court are plaintiff Sandra L. Tilloy's motion to remand (Rec. Doc. 6) and defendant Liberty Mutual Insurance Company's opposition (Rec. Doc. 9). For the following reasons,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This insurance-coverage dispute arises from alleged property damage from Hurricane Ida. Rec. Doc. 1-2 at 30. Filed on August 23, 2023 in Louisiana's Twenty-First Judicial District, the suit specifically contends plaintiff's property in Hammond, Louisiana was inspected by defendant three times, with replacement cost values ranging from $29,096.90 to $68,433.01. *Id.* at 31 ¶8–10. Ten months after defendant's second supplemental loss adjustment, plaintiff's adjusting firm asserted a replacement cost value of $144,244.45. *Id.* at 31 ¶11. Subsequently, plaintiff invoked the policy's appraisal provision; the appraisal was ongoing at the time of suit filing. *Id.* at 32 ¶¶12, 14. Plaintiff asserts breach of insurance contract and bad-faith claims against defendant. *See id.* at 33–35. As damages, plaintiff provides a "non-exclusive" list: "diminution of the value of the property; actual repair costs; lost/damaged contents; any covered living expenses; embarrassment and loss of use and enjoyment of the home; mental anguish; penalties delineated in La. Rev. Stat

1

§ 22:1892 and § 22:1973; and attorney's fees, other professional fees, and litigation costs associated with the bringing of this action." *Id.* at 35–36 ¶43 (quotation cleaned up).

In its state court answer, defendant avers it made timely payment of the actual cost value of damages. *Id.* at 47 ¶¶8, 9. Regarding the second supplemental loss adjustment—which raised the replacement cost value from $66,133.01 to $68,433.01—defendant tendered no additional payment because the adjustment was not triggered by a new inspection but by new repair estimates submitted by plaintiff. *Id.* at 48 ¶10 ("No inspection triggered this update, so no inspection could have been satisfactory proof of loss as Plaintiff alleges."). Defendant further submitted that the appraisal award was certified on August 25, 2023, for which it tendered full actual cost value payment on September 1, 2023. *Id.* at 48 ¶14. Four days after tendering of the appraisal payment, on September 5, 2023, defendant was served through the Louisiana Secretary of State. *See id.* at 37. Although plaintiff was silent on the issue, defendant demands a jury trial. *Id.* at 55.

On November 21, 2023, defendant removed the action to federal court. Rec. Doc. 1. Defendant argues that removal is timely because it occurred within thirty days of its receipt of an "other paper," namely, an October 27, 2023 demand letter from plaintiff's counsel for $222,452.02. *See id.* at 2–3 ¶¶9–12. Defendant contends the state court petition only provided a facial amount in controversy of $10,000 plus attorney's fees, calculating the unspecified damages based on bad-faith claim minimums. *Id.* at 3 ¶11 n.1. Accordingly, defendant asserts the demand letter "indicated for the first time that the amount in controversy exceeds $75,000.00." *Id.* at 3 ¶13.

Plaintiff timely filed its motion to remand, which is currently before the Court. Rec. Doc. 6.

II. **LAW AND ANALYSIS**

    A. **Removal Jurisdiction Standard**

2

Federal courts are courts of limited jurisdiction. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). Removal of a civil action to federal court is governed by 28 U.S.C. § 1441 and is proper where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied." *Halmekangas*, 603 F.3d at 292 (alteration in original) (internal quotations and citation omitted). Federal diversity jurisdiction under 28 U.S.C. § 1332 exists where there is complete diversity of citizenship of the parties, and where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### B. Timeliness of Removal

The timeliness of removal is governed by 28 U.S.C. § 1446. Section 1446(b) provides two possible starting points for a defendant's thirty-day window to remove a case: upon service of the initial pleading or, "if the case stated by the initial pleading is not removable," upon receipt of an "other paper" which indicates the case "is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

Here, parties agree that diversity of citizenship exists for 28 U.S.C. § 1332 purposes. *See* Rec. Doc. 6-1 at 1 ("Plaintiff does not dispute Liberty Mutual's allegation that complete diversity exists."). Further, they do not dispute plaintiff's October 27, 2023 demand letter seeking $222,452.02 establishes the federal jurisdictional amount in controversy. *See* Rec. Doc. 1-3 (email providing date of demand letter receipt); Rec. Doc. 1-4 (demand letter). Instead, the timeliness of defendant's removal is the sole issue in contention, as plaintiff insists the jurisdictional amount was facially evident from the state court petition. *See* Rec. Doc. 6-1 at 2 ("According to the face of the Petition, the value of Plaintiff's claim is at least $92,302.89," the difference between defendant's final adjustment and plaintiff's adjusting estimate.). In contrast, defendant argues the

3

state court petition only provided a facial amount in controversy of $10,000 plus attorney's fees, calculating the unspecified damages based on bad-faith claim minimums. Rec. Doc. 1 at 3 ¶11 n.1. To justify its below-threshold conclusion, defendant provides a fact plaintiff omits from its current motion: "Liberty issued a $131,914.85 payment to Plaintiff on September 1, 2023, after Plaintiff filed her lawsuit on August 23, 2023 but before Liberty was served with the lawsuit on September 5, 2023." Rec. Doc. 9 at 1.

Various sections in the Eastern District of Louisiana Court have held that unconditional tenders supplied by a defendant before its service with a lawsuit lower the jurisdictional amount in controversy. *See Nelsen v. Garrison Prop. & Cas. Ins. Co.*, No. 23-2179, 2023 WL 5844754, at *4 (E.D. La. Sept. 11, 2023) (Vance, J.) (deducting an unconditional tender of $145,000, leaving "the only unequivocal amount claimed" to be $46,650); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *4 (E.D. La. Dec. 19, 2012) (Morgan, J.) (deducting payment made by defendant "one day before being served"); *Viloria v. Allstate Ins. Co.*, No. 07-5737, 2007 WL 4591228, at *2 (E.D. La. Dec. 28, 2007) (Berrigan, J.) ("Though the parties do not enumerate the payments that have already been tendered under the homeowner's policy, such an amount would only further reduce the amount in controversy for jurisdictional purposes."); *Mayer Elec. Supply Co., Inc. v. Chester Elec., LLC*, No. 21-372, 2021 WL 5998527, at *4 (E.D. La. Dec. 20, 2021) (Brown, C.J.) (deducting for unconditional, but not conditional, tenders). Here, defendant's timely tender of the certified appraisal amount must be deducted from the amount in controversy.

### C. The *Chapman* Rule

Nonetheless, plaintiff does not merely assert a breach of insurance contract, but also a bad-faith claim. As such, defendant's contention that its pre-service payment "nullified any contractual damages identified in the Petition and reduced the amount in controversy known to Liberty at the

4

time of service and subsequent removal to $0.00" is overly simplistic. *See* Rec. Doc. 9 at 2. Instead, the state court petition must be assessed in light of defendant's payments and plaintiff's causes of action. In so doing, the Court does not prejudge plaintiff's likely recovery but merely makes "an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (citation omitted).

The Fifth Circuit has supplied the well-established rule that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading *only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount* of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added). The *Chapman* court's bright-line rule was adopted rather than one in other circuits which had placed upon a defendant "a duty to exercise due diligence in determining the amount in controversy when the initial pleading does not reveal such an amount." *Id.* at 162; *see also id.* at 163 (reasoning an actual or constructive knowledge rule would only "encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of [the jurisdictional amount] so as to be sure that they do not accidentally waive their right to have the case tried in a federal court"). The bright-line rule, thus, "requir[es] the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* at 163.

Although Louisiana law prohibits plaintiffs from pleading a specific amount of monetary damages, the *Chapman* rule still applies. *See* La. Code Civ. Proc. art. 893(A)(1) ("The prayer for

relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required."). As the Fifth Circuit subsequently explained of the necessity of the jurisdictional statement, "Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws that prohibit pleading unliquidated damage amounts." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). Here, plaintiff's petition lacks any such statement. Further, its specific monetary figures that exceed the federal jurisdictional amount in controversy are substantially reduced in consideration of defendant's tendered payments. *See* Rec. Doc. 9-2. Accordingly, even when factoring in plaintiff's bad-faith allegations, the face of the petition does not affirmatively reveal an amount in controversy exceeding $75,000.00.

Plaintiff submitted her demand letter of $222,452.02 in "new money" on October 27, 2023. Rec. Doc. 1-3 (October 27, 2023 email attaching demand letter); Rec. Doc. 1-4 (demand letter). When received after suit filing, such a letter is properly considered as an "other paper" with regard to the amount in controversy. *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("Holding that a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit."); *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (considering below-threshold demand letter); *Chapman*, 969 F.2d at 164 (describing demand letter as an "other paper" and requiring its receipt after suit filing for jurisdictional purposes). Defendant filed its notice of removal on November 21, 2023. Rec. Doc. 1. Thus, pursuant to the deadline

6

provided in 28 U.S.C. § 1446(b)(3), defendant's removal is timely, as within thirty days of the receipt of an "other paper" that established a removable amount in controversy. Accordingly, plaintiff's motion to remand must be denied.

New Orleans, Louisiana, this 15th day of February, 2024

                                                         SENIOR UNITED STATES DISTRICT JUDGE